**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SASA INVESTMENT HOLDINGS, LLC, a Florida limited liability company, SANJAY MADAN; and ANJLI MADAN,<br><br>                                    Plaintiffs,<br>v.<br><br>HEMANT CHHATRALA; JENISH PATEL; TRAV-COR & INVESTMENTS, INC., a California corporation; ORANGE COAST TITLE COMPANY, a California Corporation; BANK OF AMERICA, N.A.; CHHATRALA INVESTMENTS, LLC a California limited partnership; JSAKGP, INC., a California corporation; PRAGATI INVESTMENTS, LLC, a California limited liability company; and SHIVA MANAGEMENT, INC., a California corporation,<br><br>                                    Defendants. | Case No.:  18-CV-2735 W (BGS)<br><br>**ORDER GRANTING:**<br>**(1) PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO FILE OPPOSITION [DOC. 30], AND**<br>**(2) DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT [DOC. 7, 8, 29]** |

Pending before the Court are motions to dismiss filed by Defendant Orange Coast Title Company ("OCTC"), Defendant Pragati Investment, LLC ("Pragati"), and

1

Defendant Bank of America, N.A. ("BOA"). Plaintiffs SASA Investment Holdings, LLC, Sanjay Madan and Anjli Madan oppose all three motions.

The Court decides these matters on the papers submitted and without oral argument. See Civil L. R. 7.1(d.1). As an initial matter, the Court **GRANTS** Plaintiffs' request for an extension of time to oppose BOA's motion [Doc. 30] and, therefore, deems Plaintiffs' opposition to BOA's motion as timely filed. For the reasons stated below, the Court **GRANTS** Defendants' motions [Docs. 7, 8, 29].

## I. BACKGROUND

In October 2013, Plaintiff Sanjay Madan met with Bhavesh Patel[1], a managing member of a Florida limited liability company. (*Compl.* ¶ 12.) Based on B. Patel's advice, Madan, Plaintiff Anjili Madan, and Plaintiff SASA Investment Holdings, LLC ("SASA") paid $450,000 to Defendant Chhatrala, LLC, for a membership interest in Chhatrala, LLC, Chhatrala Opportunity Fund, and Waterfall Properties, LLC. (*Id.* ¶¶ 13–14.) Thereafter, in January 2014, Chhatrala, LLC and SASA entered a Membership Interest Purchase agreement, whereby SASA paid Chhatrala $200,000 for a 5% membership interest in Defendant JSAK. (*Id.* ¶¶ 15–16.)

Plaintiffs did not receive executed copies of the Partnership Agreement, any amendments made to the agreement, or the Membership Interest Agreement. (*Compl.* ¶ 18.) Nor did they receive any information regarding how or where their funds were being invested. (*Id.* ¶ 19.) Madan, therefore, reached out to B. Patel and Defendant Jenish Patel (who claimed to be a Chhatrala, LLC representative) numerous times to obtain copies of the agreements but received no response. (*Id.* ¶¶ 20–24.) Accordingly, in order to find out what happened to their investment, Plaintiffs filed a petition for pre-suit discovery. (*Id.* ¶ 28.) The petition was granted, and Plaintiff's counsel took depositions

---

[1] It is unclear from the Complaint whether Bhavesh Patel is related to Defendant Jenish Patel.

and requested documents from Chhatrala, LLC, its partners, investors, and related entities. (*Id.* ¶ 29.)

Plaintiffs discovered B. Patel had invested their funds in non-existent partnerships and placed the funds in a bank account at Mega Bank, which was controlled by J. Patel although he had no authority to use Plaintiffs' funds. (*Compl.* ¶ 31.) Plaintiffs further allege that J. Patel's fraudulent transactions were "handled" by Defendants Trav-Cor & Investments, Inc. (Trav-Cor), OCTC and BOA. (*Id.* ¶ 34.)

On December 4, 2018, Plaintiffs filed this lawsuit against nine defendants. The Complaint lists three causes of action: fraud and conversion against J. Patel, and accounting presumably against all defendants.[2] (*Compl.* ¶¶ 36–50.) Defendants OCTC, BOA, and Pragati have all filed motions to dismiss under Federal Rule of Procedure 12(b)(6) asserting the same argument: (1) they have no relationship with Plaintiffs that would require an accounting; and (2) they do not owe Plaintiffs money. (*OCTC MTD* [Doc. 7-1] 3:25–28; *BOA MTD* [Doc. 29] 3:25–28; *Pragati MTD* [8-1] 5:7–8,23–25).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

---

[2] Page one of the Complaint lists nine defendants: H. Chhatrala, J. Patel, OCTC, BOA, Chhatrala, LLC, JSAK, Pragati, and Shiva. However, JSAK, Pragati, and Shiva are not listed under any cause of action. The Court assumes for purposes of this motion that Pragati was meant to be included in the accounting cause of action.

3

As the Supreme Court explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Additionally, all material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). The complaint and all reasonable inferences therefrom are construed in the plaintiff's favor. Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996). Nevertheless, conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

## III. DISCUSSION

Defendants OCTC, BOA, and Pragati argue the Complaint fails to state an accounting cause of action. The Court agrees.

A cause of action for an accounting is a proceeding in equity whereby the court adjudicates the amount due to the plaintiff. See Fredianelli v. Jenkins, 931 F.Supp. 2d 1001, 1025 (N.D. Cal. 2013) (quoting Verdier v. Super. Ct. in and for City & Cty of S.F., 88 Cal. App. 2d 572, 530 (1948). An action for an accounting is appropriate when (1) there is a relationship between the plaintiff and defendant that requires an accounting, or (2) the "accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable," and there is some balance due to the plaintiff that can "only be ascertained by an accounting." See Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009); Quinteros v. Aurora Loan Servs., 740 F.Supp. 2d 1163, 1170 (E.D. Cal. 2010). Additionally, there is no right to an accounting if there is no misconduct by the

4

defendant. Union Bank v. Super. Ct. of L.A., 31 Cal. App. 4th 573, 593–594 (1995) (finding no right to a cause of action because plaintiff admitted the defendant did not engage in misconduct).

Plaintiffs do not plead sufficient facts to establish any misconduct by OCTC, BOA, or Pragati.[3] As to OCTC and BOA, the Complaint alleges that they "handled" J. Patel's fraudulent transactions, and that they "knew or should have known [J. Patel] had no authority to act on behalf of JSAK or the Chhatrala Corporations." (*Compl.* ¶¶ 34, 35.) These vague and conclusory statements do not provide sufficient information notifying OCTC or BOA what they are alleged to have done wrong. For example, the allegations fall well short of suggesting that OCTC or BOA were collaborating with J. Patel and there are no other factual allegations indicating how OCTC or BOA should have known J. Patel was engaging in misconduct. Nor is it clear what Plaintiffs mean by the allegation that OCTC and BOA "handled" the fraudulent transactions. With respect to Pragati, the Complaint has no information about how it was involved in any transactions or misconduct. As Pragati points out in its motion, the body of the Complaint contains no allegations against it, and it is not identified in the heading of Plaintiffs' accounting cause of action. (*Pragati MTD* 3:11–13; *Compl.* 3:1–3). Because there is no right to an accounting if there is no misconduct, Defendants are entitled to dismissal.

The Complaint also does not plead sufficient facts to establish there is a relationship between Plaintiffs and OCTC, BOA or Pragati that would require an accounting. Instead, the Complaint alleges in conclusory terms: "There exists a relationship between Plaintiffs and each of the Defendants that requires an accounting." (*Compl.* ¶ 48.) This allegation is insufficient. See Ove, 264 F.3d at 821.

---

[3] Relying on Union Bank, Defendants argue they should be dismissed because they do not owe Plaintiffs money. But the reason Union Bank concluded that no money was owed was because "plaintiffs admitted . . . defendant did nothing wrong . . . ." Id., 31 Cal.App.4th at 594. Here, Plaintiffs allege in the accounting cause of action that "some balance is due to Plaintiffs" and thus arguably allege Defendants owe them money. (*Compl.* ¶ 49.) Similar to Union Bank, however, the reason this allegation is insufficient is because Plaintiffs failed to plead facts demonstrating misconduct by Defendants.

5

In their opposition, Plaintiffs insist there is a relationship between them and each of the three Defendants that would require an accounting. However, Plaintiffs rely on facts not alleged in the Complaint. (*Opp'n. to OCTC MTD* [Doc. 15] 2:20; *Opp'n to BOA MTD* [Doc. 31] 2:19–21; *Opp'n to Pragati MTD* [Doc. 21] 5:11–14). Because Defendants challenge is to the Complaint as currently pled, Plaintiffs' reliance on those facts is unavailing.[4]

However, Plaintiffs alternatively request leave to amend. Because Plaintiffs have not been given leave to amend in this case, and Defendants have not shown that leave to amend would be futile, the Court will grant Plaintiffs' request.

### IV. CONCLUSION & ORDER

The Court **GRANTS** Plaintiffs' request for an extension of time to oppose BOA's motion [Doc. 30] and, therefore, Plaintiffs' opposition to BOA's motion as deemed timely filed. In light of the foregoing, the Court **GRANTS** Defendants' motions to dismiss [Docs. 7, 8, 29] **WITH LEAVE TO AMEND**. Plaintiffs' first amended complaint, if any, must be filed **on or before November 13, 2019**.

**IT IS SO ORDERED.**

Dated: October 31, 2019

Hon. Thomas J. Whelan
United States District Judge

---

[4] The Court recognizes another potential issue with the Complaint. An accounting is not available if the "plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." Teselle, 173 Cal.App.4th at 179. Plaintiffs allege in their Complaint that they paid Chhatrala $450,000 on October 1, 2013, and $200,000 on January 29, 2014, for a total of $650,000. (*Compl.* ¶¶ 14,16.) This appears to establish the right to recover a sum certain. However, because none of the parties address this argument in detail, the Court declines to rule on the issue.

7