**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SASA INVESTMENT HOLDINGS, LLC, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>HEMANT CHHATRALA, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 18-CV-2735 W (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [DOCS. 37, 44] WITHOUT LEAVE TO AMEND** |

　　　Pending before the Court is Defendant Orange Coast Title Company's motion to dismiss, and Defendant Bank of America, N.A.'s motion to dismiss for failure to state a claim. Plaintiffs oppose the motions.

　　　The Court decides these matters on the papers submitted and without oral argument. Civil L. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Defendants' motions [Docs. 37, 44] **WITHOUT LEAVE TO AMEND** and **ORDERS** Defendants Orange Coast Title Company and Bank of America, N.A. **DISMISSED**.

1

## I. BACKGROUND

This lawsuit arises from Plaintiffs' attempts to invest in entities owned, operated or controlled by Defendant Chhatrala Investments, LLC. (*First Amended Comp.* ("FAC") [Doc. 35] ¶ 12.) Relevant to the pending motions are two wire transfers Plaintiffs made as part of those intended investments. The first occurred in September 2013, when Plaintiffs wired $200,000.00 to Defendant Orange Coast Title Company ("OCTC"), who was acting as the escrow agent for Chhatrala Investments, LLC. (*Id.* ¶ 16.) The money was "for the purpose of the Plaintiffs obtaining an ownership interest in a hotel owned by Chhatrala Investments, LLC." (*Id.*) A few weeks later, Plaintiffs wired $450,000.00 to an account with Defendant Bank of America ("BofA") for the purchase of an interest in one of Chhatrala Investment, LLC's entities. (*Id.* ¶ 13.) According to the FAC, the account was "managed and operated" by Defendant Jenish Patel ("JP"). (*Id.* ¶ 21.)

Because Plaintiffs were not provided with any documents confirming the "use and placement of any of the wired funds," Plaintiffs filed a petition for pre-suit discovery. (*FAC* ¶¶ 17, 18.) The petition was granted and Plaintiffs deposed Chhatrala Investments, LLC and Defendant H. Chhatrala. (*Id.* ¶ 19.) Plaintiffs learned the funds wired to BofA were placed into "an account that had a historical negative balance and multiple notices of insufficient funds," and BofA made no inquiry into the intended use of the funds. (*Id.* ¶¶ 18–20.) Additionally, within five days of BofA's receipt of the funds, "approximately $635,000.00 was either withdrawn or transferred to other accounts from the Chhatrala Investments, LLC account." (*Id.* ¶ 20.)

On December 4, 2018, Plaintiffs filed this lawsuit against nine defendants. (*Compl.* [Doc. 1].) Three defendants, including BofA and OCTC, moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). On October 31, 2019, this Court granted the motions with leave to amend. (*See Dismissal Order* [Doc. 31].)

On November 18, 2019, Plaintiffs filed the FAC. (S*ee FAC.*) The FAC asserts a single cause of action for an accounting against OCTC and BofA, who now move to dismiss the FAC under Rule 12(b)(6).

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Without sufficient facts to move beyond speculation and support a cognizable legal theory, a complaint cannot survive a 12(b)(6) motion. Great Minds v. Office Depot, Inc., 945 F.3d 1106, 1109 (9th Cir. 2019).

Factual allegations, which are accepted as true and viewed in the light most favorable to the non-moving party, are not required to be detailed. Malibu Textiles, Inc. v. Label Lane Int'l Inc., 922 F.3d 946, 951 (9th Cir. 2019). Instead, the complaint must contain "a short and plain statement showing that the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, [however,] a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although courts are not required to accept legal conclusions, the complaint must be "plausible on its face" through sufficient factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Leave to amend should be freely granted when justice so requires. See Fed. R. Civ. P. 15(a). However, where an amendment would be futile, a district court may dismiss a pleading without leave. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013).

## III. DISCUSSION

In California, a cause of action for an accounting is a proceeding in equity whereby the court will adjudicate the amount due to the plaintiff. See Fredianelli v. Jenkins, 931 F.Supp. 2d 1001, 1025 (N.D. Cal. 2013) (quoting Verdier v. Super. Ct. in and for City & Cty of S.F., 88 Cal. App. 2d 572, 530 (1948)). An action for accounting is appropriate when (1) there is a relationship between the plaintiff and defendant that requires an accounting, or the "accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable," and (2) there is some balance due to the plaintiff that can

3

"only be ascertained by an accounting." See Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009); Quinteros v. Aurora Loan Servs., 740 F.Supp. 2d 1163, 1170 (E.D. Cal. 2010). Under California law, the relationship required for an accounting does not have to be a fiduciary relationship. Teselle, 173 Cal.App.4th at 179. But there is no right to an accounting if there is no misconduct by the defendant. Union Bank v. Super. Ct. of L.A., 31 Cal. App. 4th 573, 593–594 (1995) (finding no right to a cause of action because plaintiff admitted the defendant did not engage in misconduct).

### A. Defendant Orange Coast Title Company

Defendant OCTC argues the FAC fails to state an accounting cause of action for the following three reasons: (1) the FAC fails to plead a relationship between Plaintiffs and OCTC; (2) there are no allegations of wrongdoing by OCTC; and (3) the amount in dispute is identifiable and does not require an accounting. (*OCTC P&A* [Doc. 37-1] 3:9–16, 4:19–5:16.)

The FAC alleges OCTC acted as the escrow agent for "one of the Chhatrala Investments, LLC entities for purpose of the Plaintiffs obtaining an ownership interest in a hotel owned by Chhatrala Investments, LLC." (*FAC* ¶ 16.) Based on this allegation, OCTC argues that "at best, the alleged relationship would have been between OCTC and 'one of the Chhatrala Investments LLC entities'" and not between Plaintiffs and OCTC. (*OCTC Reply* [Doc. 45] at 4.)

"An escrow holder is an agent and fiduciary of the parties to the escrow." Summit Financial Holdings, Ltd. V. Continental Lawyers Title Co., 27 Cal. 4th 705, 711 (2002). Although Plaintiffs' allegation is not a model of clarity, construing it in the light most favorable to the non-moving party, it is reasonable to infer that Plaintiffs were a party to the escrow because the wire transfer to OCTC was for Plaintiffs' purchase of an interest in the hotel. Accordingly, the FAC sufficiently alleges a relationship between Plaintiffs and OCTC.

4

Next, OCTC contends Plaintiffs' cause of action is insufficient because "Plaintiffs fail to make any substantive allegations of wrongdoing by OCTC." (*OCTC P&A* 3:9–16.) In response, Plaintiffs argue OCTC owed them a fiduciary duty as an escrow holder because OCTC knew it received Plaintiffs' funds. (*Opp'n to OCTC* [Doc. 43] 2:24–28.) The Court is not persuaded by Plaintiffs' argument.

"The duty of an escrow holder is to comply strictly with the instructions of his principal." Axley v. Transamerica Title Ins. Co., 88 Cal. App. 3d 1, 8 (1978) (citations omitted). Thus, an escrow holder's agency relationship is limited, rather than general because "the obligations of the escrow holder to each party are strictly in accordance with the escrow instructions given by that party.'" Id. (citations omitted). However, while the escrow holder has the duty to exercise reasonable skill and ordinary diligence, it "'has no general duty to police the affairs of its depositors.'" Id. at 9 (citations omitted). Thus, whether OCTC is in breach depends on if the FAC alleges it failed to follow the parties' escrow instructions.

Here, the FAC alleges Plaintiffs wired $200,000 to OCTC in order to obtain an ownership interest in a hotel. (*FAC* ¶ 16.) As part of this allegation, Plaintiffs cite a Charles Schwab wire-transfer authorization form that is attached to the FAC as an exhibit. (*Id.* ¶ 16, Ex. C.) But the wire-transfer authorization contains no instructions and is silent regarding the intended purpose of the $200,000 wire transfer. (*See Id.* Ex. C.) Nor does the FAC identify any instructions provided to OCTC or that anyone notified it of the purpose of the funds. Accordingly, the FAC fails to allege OCTC breached any obligations owed to Plaintiffs.

Finally, OCTC argues Plaintiffs' accounting cause of action fails because the amount in dispute is a certain and identifiable amount. (*OCTC P&A* 4:27–28.) Plaintiffs respond that an accounting is necessary so they can "determine what portion of the $200,000 was used for the investment in the hotel." (*Opp'n to OCTC* 4:7–8.) But the FAC alleges the $200,000 was "not accounted for as having been invested on Plaintiffs' behalf in the hotel." (*FAC* ¶ 16.) This inartfully pled allegation suggests none of the

5

funds were used to purchase an interest for Plaintiffs and, therefore, the amount at issue—i.e., Plaintiffs' alleged damages—is certain and identifiable: $200,000.

Regardless, a more fundamental problem exists. The FAC admits the $200,000 wired to OCTC was withdrawn by Defendant JP. (*FAC* ¶ 22.) If the "defendant owes no money to plaintiffs and d[oes] not deprive them of any moneys . . . as a matter of law [an] accounting cause of action must be dismissed." Union Bank, 31 Cal. App. 4th at 594. Because OCTC does not have Plaintiffs' funds, the FAC cannot state an accounting cause of action against OCTC.

### B. Defendant Bank of America

Defendant BofA raises similar concerns as OCTC, claiming there is no relationship between BofA and Plaintiffs, and the amount at issue is ascertainable without an accounting. (*BofA P&A* [Doc. 44] 4:8–22.) The Court agrees.

The FAC alleges Plaintiffs wired $450,000.00 to Chhatrala Investments, LLC through BofA, and Plaintiffs frequently asked the bank about the handling of the funds. (*FAC* ¶¶ 13, 15.) Plaintiffs later learned the BofA account that received their money had a "historical negative balance and multiple notices of insufficient funds just prior to receipt of Plaintiffs' funds." (*Id.* ¶ 20.) Given the "size of the wire transfer and the history of the account," Plaintiffs complain that BofA "made no inquiry as to the intended use of the funds," and five days later, $635,000.00 was withdrawn from the account. (*Id.*)

Under California law, banks are not required to police fiduciary accounts. See Cal. Fin. Code § 1450; see also Desert Bermuda Properties v. Union Bank, 265 Cal App. 2d 146, 152 (1968); Chazen v. Centennial Bank, 61 Cal. App. 4th 532, 539 (1998) ("Under this system favoring expedited handling of funds transfers, a bank cannot be expected to track transactions in fiduciary accounts or to intervene in suspicious activities."). It follows that BofA could not be expected to police Plaintiffs' funds, and therefore

Plaintiffs have not alleged either a relationship or misconduct against BofA. See Union Bank, 31 Cal. App. 4th at 593–94.

Furthermore, just as with OCTC, the FAC identifies the amount at issue with respect to BofA. Plaintiffs allege they wired $450,000 to a BofA account for Chhatrala Investments, LLC. (*FAC* ¶ 13.) Plaintiffs further allege that "JP withdrew Plaintiffs' funds for purposes unrelated to Plaintiffs' intended investments." (*Id.* ¶ 22; *Opp'n to BofA* [Doc. 51] 3:16–17.) Assuming the allegations are true, BofA no longer has Plaintiffs' funds and the amount at issue is certain and identifiable—the $450,000 wired to BofA that JP withdrew.

### C. Leave to Amend

Denying leave to amend is appropriate where such leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996); Plumeau v. Sch. Dist. No. 40 Cty. Of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997). Based on the deficiencies identified above, particularly with the amount at issue being certain and identifiable, the Court finds leave to amend would be futile.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' motions [Docs. 37, 44] **WITHOUT LEAVE TO AMEND** and **ORDERS** Defendant Orange Coast Title Company and Defendant Bank of America, N.A. **DISMISSED**.

**IT IS SO ORDERED.**

Dated: February 19, 2020

_____
Hon. Thomas J. Whelan
United States District Judge